Wilkins, Douglas H., J.
After a hearing on October 29, 2012, the Court grants the defendants’ requests for sanctions to the extent and for the reasons set forth below.
On August 10, 2012, defendants’counsel began the deposition of non-party witness, William Polis. Plaintiffs counsel instructed the witness not to answer a question about the witness’s income. The instruction was not based upon privilege. Any privacy interest could have been addressed by a protective order, short of stopping the deposition. Plaintiffs’ counsel stated that he would file a motion for a protective order. The parties rescheduled the deposition for September 21, 2012 at 10 A.M. with the expectation that plaintiffs counsel would promptly file the motion for protective order.
Plaintiffs counsel waited approximately 3 weeks to serve the motion for protective order, which did not assert any privilege, complained about allegedly harassing questions without, however, demonstrating any actual harassment, and set forth arguments of the plaintiff, not the witness who was allegedly harassed. Plaintiffs counsel then informed defense counsel that the third-party witness would not be attending the rescheduled deposition and that the Motion for Protective Order was to be heard on October 4th.
The Defendants filed an Emergency Motion to Compel Witness Attendance at Deposition Scheduled for Friday September 21st and Request for Sanctions, on September 20, 2012. The Court took no action and stated that the matter was to be considered at the October 2, 2012 hearing. Defense counsel attended the deposition, but neither the witness nor plaintiffs counsel appeared. After hearing on October 4, the Court denied the plaintiffs motion for protective order on the ground that “[t]he facts do not approach the serious circumstances . . . required to warrant termination of a deposition under Mass.R.Civ.P. 26(c) and 30(d).” It also found that “[p]laintiffs counsel did not represent the witness, but took it upon himself to urge the witness to leave.” The court stated that it would entertain a request for a compensatory award of attorneys fees. The October 4 appearance also addressed a number of other outstanding questions.
The Court does not find that the actions of plaintiffs counsel — in instructing a non-parly witness not to answer questions, in making such an instruction regarding a question that was not improper, and in filing the motion for protective order, which lacked substance and was asserted to protect a witness who was not the client of plaintiffs counsel — were “substantially justified” within the meaning of Mass.R.Civ.P. 37(a)(4). See also Mass.R.Civ.P. 30(d) (expenses for motion to terminate or limit deposition examination). It finds the opposite. The Court recognizes that imposition of fees is permissive and not mandatory. It exercises its discretion to award fees here because terminating a deposition unilaterally and without substantial justification cannot be tolerated, particularly where counsel issues an instruction not to answer to a third-party witness other than his client. Reasonable people could not differ as to the appropriateness of those actions.
*619 Upon review of the applications and affidavits of the various defense counsel entitled to seek fees, the Court finds that the following awards are appropriate. The Court finds that the time and rates are reasonable as charged, but for purposes of the Fee Request and Rule 37, the Court has reduced the fee requests not because the fees themselves are unreasonable, but because reductions are appropriate when shifting fees to the plaintiff, in light of the need for attendance at hearings to address other issues anyway, the fact that defense counsel knew that the witness was not appearing on September 19, a reduction for travel time and the fact that the deposition was nearing the end point for testimony on August 10 and would have to be continued anyway (that is, the extra cost related more to the motion practice than to August 10 itself):
Michael T. Mahoney: $500
Oxford Ins. Agency, Inc.: $500
New Eng. Serv. Station Ass’n: $500

Pursuant to Mass.R.Civ.P. 30(d) and 37(a)(4), the above amounts shall be paid to counsel for each of these parties on or before January 31, 2013.